Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2157 | **DATE** | 10/22/2002 |
| **CASE TITLE** | Fogarty vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant City of Chicago's motions to dismiss [80-2] and or strike Count XV [80-4]. Defendant City of Chicago shall file its answer to Count XV on or before 11/12/02.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 95 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 OCT 23 AM 11:49 | 10/23/2002 date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | MW6 mailing deputy initials | |



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN FOGARTY, ) | |
|     Plaintiff, ) | Cause No. 01 C 2157 |
| ) | |
| v. ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| CITY OF CHICAGO, et al., ) | |
|     Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant City of Chicago moved to dismiss or strike Count IV and Count XV of Plaintiff's Second Amended Complaint. [Dkt 80.] Its motion was previously denied as to Count IV. [Dkt 82.] For the reasons set out herein, that motion is also denied as to Count XV.

In Count XV, plaintiff Brian Fogarty seeks indemnification by the City of any judgment entered in his favor against defendants Brewster or Mitts pursuant to 745 Ill. Comp. Stat. § 10/9-102. Although as originally pleaded Count XV sought indemnification for all money damages including attorneys' fees and presumably punitive damages, Fogarty now acknowledges that § 9-102 does not provide for indemnification of attorneys' fees or punitive damages. *See Yang v. City of Chicago*, 745 N.E.2d 541 (Ill. 2001). In his response to the City's motion, Fogarty withdraws that portion of Count XV. Thus, that aspect of the City's motion is moot, and the request for indemnification of attorneys' fees or punitive damages in Count XV of the Second Amended Complaint is deemed withdrawn.

The City also points out that, by this Court's order of May 13, 2002, Fogarty was given leave to file a second amended complaint to remedy certain defects leading to the striking of certain



portions of the first Amended Complaint, not to file a new claim. Technically, the City is correct that Fogarty should have filed a motion for leave to file Count XV, rather than just filing that Count. However, Fed. R. Civ. P. 15 (a) allows a party to move for leave to amend, and instructs that "leave shall be freely given when justice so requires." When determining whether leave to amend should be denied because the claim is "futile," (*i.e.*, substantively insufficient), the court applies the same standard as on a motion to dismiss. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Thus, it appears that the most expeditious course in this case is to proceed on the motion to dismiss.

The real issue on the motion is whether Count XV is time barred. The City argues that § 9-102 is part of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, which requires that an action be commenced within one year from the date that the injury was received or the cause of action accrued. 745 Ill. Comp. Stat. 10/8-101. Fogarty was terminated from his job with the City on November 3, 1999. The Complaint was filed on March 28, 2001, and the claim for indemnification was filed on June 14, 2002. The question is: When does the cause of action accrue under § 9-102? Did it accrue at the time when Fogarty was terminated or will it accrue only if and when the city employees are found liable?

Fogarty argues that his indemnity claim against the City does not accrue until a final judgment is entered against Brewster and/or Mitts because, by definition, the City would not be liable for indemnity until that time. Under Fogarty's interpretation of § 8-101, he would have one year from the date that a judgment was entered against Brewster and/or Mitts to seek indemnification from the City for those damages. The City, on the other hand, argues that the statute of limitations began running when Fogarty was terminated, because courts no longer require plaintiffs to wait until a final judgment has been entered against a municipal employee to bring an indemnity claim against

2

the municipality. In *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997), the Seventh Circuit held that § 9-102 permits plaintiffs to proceed simultaneously under § 9-102 in order to avoid the unnecessary delay that two separate suits would cause. *Id.* at 685. Fogarty correctly argues, however, that *Wilson* does not *require* plaintiffs to bring the claims simultaneously; it only answered the question of whether a claim against a municipality brought at the same time as the one against its employee is premature. Before *Wilson* approved simultaneous suits, it had been held that a plaintiff must wait to seek indemnification from the municipality until after receiving judgment against the employee. *See, e.g., Rosentreter v. Munding*, 736 F. Supp. 165, 171-72 (N.D. Ill. 1990)(stating that "[a] cause of action under section 9-102 does not arise until a judgment has been entered against one of [the City's] employees. . . . Therefore, we grant the motion to dismiss the section 9-102 claim against [the village]. . . . Rosentreter will be free to bring this claim against [the village] in the event that a judgment is entered against [the employee] and [the employee] fails to satisfy the judgment.") There was no intervening change in the statute, and the court in *Wilson* did not express an intention to abrogate all previous interpretations of § 9-102. Rather, it allowed the plaintiff the option of filing earlier.

The City cites *Steinbrecher v. Oswego Police Officer Dickey*, 138 F. Supp. 2d 1103 (N.D. Ill. 2001) as support for its argument that the indemnity action is time-barred. However, the court in *Steinbrecher* considered only the date of the injury and did not consider the alternative starting point given in the statute, that is, the date the cause of action accrued. Citing *Wilson*, the court in *Steinbrecher* stated only, "Ms. Steinbrecher failed to bring [the claim] within one year of the date of the incident, so it is time-barred." 138 F. Supp. 2d at 1109. The City also cites *Herriott v. Powers*, 603 N.E.2d 654 (Ill. App. 1992), for support, but that case dealt with § 8-101 as it applied to the time to file suit against an employee. The court did not consider the additional time in which

3

a claim for indemnity might accrue. *Herriott* does not hold that a claim under § 9-102 must be brought within a year of the injury.

Contrary to the City's argument, § 9-102 is not a means to avoid earlier decisions in this case concerning the unavailability of vicarious liability in a claim under 42 U.S.C. § 1983 against a municipality. As discussed by the Seventh Circuit in *Wilson*, § 9-102 provides for *derivative* liability, analogous to that of an insurer, and the joinder of a claim under § 9-102 is, in effect, a request for a declaratory judgment against the City. 120 F.3d at 685.

The City's final argument is that the City is prejudiced by the filing of a § 9-102 claim this late in the history of this lawsuit because the indemnification claim demands specific discovery not identical to that involved in the *Monell* claims. If the plaintiff had filed a motion to amend, the Court would be required to consider any undue prejudice to the City from the filing of the claim, and thus the issue of prejudice is considered now. The City's briefs fail to specify what discovery it would need on the indemnification claim, and in oral argument, the City referred only to possible additional discovery from defendant Brewster. Discovery is not closed in this case. The discovery schedule can accommodate the City's need to avoid undue prejudice to the City.

The City's motion to strike or dismiss Count XV is denied. The City shall file its answer to that Count on or before November 12, 2002.

**IT IS SO ORDERED.**

/GERALDINE SOAT BROWN
**United States Magistrate Judge**

**DATED: October 22, 2002**

4